## Rice *vs.* Thompson.

### ERROR TO MERCER CIRCUIT

Case 38.

1. If the husband fail to reduce to possession a personal right which belonged to the wife before coverture, or appropriate such right, it sur-vives to the wife.
2. If a wife be entitled, as survivor, to a right which a first husband might have reduced to possession, and marry a second husband and die, he, as survivor, administrator, or distributee, may claim such right to the exclusion of the children of the wife.
3. Money conveyed to a trustee, to be held for the benefit of two, and the survivor and one dies, the trust is not thereby terminated. If the surviving *cestui que trust*, a female, marry, and the fund be not reduced to possession, it survives to the wife in case of the death of the husband; if she marry again and die, the surviving husband, as administrator, of the wife, and not her children, is exclusively entitled to the fund.

RICE
.vs.
THOMPSON.

January 25.
Case stated.

Chief Justice HISE delivered the opinion of the court.

A fund of $3,500 in amount, was held in trust by a *trustee* for the joint benefit of Jane Lightfoot and her infant daughter, Martha Ann Lightfoot, during their joint lives, and upon the death of either, for the benefit of the survivor: "And in case said Martha Ann should die unmarried, and under the age of twenty-one years, then her interest, aforesaid, is to vest in said trustee absolutely, if living, and if not, then to his children and their descendants." This trust estate was created by deed duly recorded and dated, July 16, 1834. G. E. Lightfoot was the grantor, and John G. Martin the trustee. Shortly after this deed was executed, in 1836 or 7, Jane Lightfoot, the mother, died, Martha Ann the daughter surviving, she thus, as survivor, becoming the sole beneficiary under the deed. In 1846 Martha Ann intermarried with John H. Rice, by whom she had two children, John and Henry Ann Rice; in 1847, J. H. Rice and Martha Ann, his wife, she being then under twenty-one years of age, and the trustee, John G. Martin, having previously died, applied by petition, to the judge of the Bourbon circuit court, in strict pursuance of a special provision in the deed of trust, for the appointment of a trustee to succeed the said John G. Martin deceased, and the court, by a decretal order, expressly at the instance and in answer to the prayer of the petition of J. H. Rice the husband, as well as the wife, appoints J. G. Martin, jr. as the successor of the deceased trustee, to take the fund and to hold it in trust for the benefit of Martha Ann Rice, according to the deed. And afterwards, in April, 1848, on the motion of the said *husband and wife,* by order of the Bourbon circuit court, William Thompson is appointed trustee for Martha Ann Rice, "*under the provisions of the agreement or deed of trust* between G. E. Lightfoot and Jane, his wife, and J. G. Martin, recorded in the clerk's office of the Bourbon county court, and bearing date 16th July, 1834." Under this appointment the trust fund was placed in the hands of William Thompson,

where it still remains. Afterwards, the husband, John H. Rice, died, leaving two children by the said Martha Ann Rice. Subsequently, Martha Ann Rice intermarried with the present complainant, James S. Taylor, and in a few months after her second marriage she died without leaving any issue by the second husband, who, having administered upon the estate of his deceased wife, has instituted this suit against William Rice, as the administrator of the estate of J. H. Rice, the first husband, the two infant heirs of said J. H. Rice, deceased, and against William Thompson, the trustee who holds the trust fund, claiming, as administrator and distributee of his deceased wife's estate, the whole of this fund with the interest due upon it. The administrator of the first husband resists the claim, and contends that he is entitled to it, and that it is part of the estate of his intestate, J. H. Rice, and after payment of debts that it must pass to his two infant children by the deceased Martha Ann Thompson. The trustee answers that he is willing to pay over the trust fund according to the final decree of the court, to the party that may be entitled to it.

If the fund in question, upon the death of the first husband, survived to the wife, or in other words, if her right of survivorship was not defeated by any act of appropriation of this fund by the first husband, or by its having been taken into possession and appropriated by him as a part of his own property and estate, then of course his administrator is not entitled to it.

1. If the husband fail to reduce to possession a right which belonged to the wife before coverture, or appropriate such right, it survives to the wife.

And on the other hand, if the interest of Martha Ann Rice—afterwards Taylor—in the fund was such as that upon her death, it would survive to the second husband, then either as survivor, administrator, or distributee of the deceased wife he is entitled to the fund, and in such case it cannot pass to her children by her first husband, or to his personal representatives.

2. If a wife be entitled, as susvivor, to a right which a first husband might have reduced to possession, and marry a second husband and die, he, as survivor,

RICE
*vs.*
THOMPSON.

administrator, or distributee, may claim such right to the exclusion of the children of the wife.

3. Money conveyed to a trustee, to be held for the benefit of two, and the survivor and one dies, the trust is not thereby terminated. If the surviving *cestui que trust*, a female, marry, and the fund be not reduced to possession, it survives to the wife in case of the death of the husband; if she marry again & die, the surviving husband, as administrator of the wife, and not her children, is exclusively entitled to the fund.

It is contended, on behalf of the representatives and heirs of J. H. Rice, deceased, that a legal appropriation of this fund, and its reduction to a constructive possession, resulted and was the legal effect of this intermarriage with Martha Ann Lightfoot, and of her arrival at the age of twenty-one years, because by the terms of the deed of trust the limitation over to the trustee himself, or to his heirs, could never take effect after she married, and after she attained the age of twenty-one years; and as both contingencies occurred before the death of the first husband, that the right of the wife became absolute, and that the limitation over to Martin or his heirs was defeated and destroyed, and that the absolute right and interest of the wife, by operation of law, vested in the husband, and the possession of the fund by the trustee not being adverse to his right or title was substantially the possession of the husband, and that the trustee was the mere agent of the husband, and bound to pay over the fund to him during his life, and to his representatives after his death. That this view is upheld and strengthened from the fact, that during his lifetime the trustee paid over the interest accruing on this fund to the first husband, which, it is insisted, amounted to a constructive appropriation of the fund. It is urged, also, that after the *cestui que trust* married and became an adult, the trust itself ceased to exist, and she became invested instantly, upon the happening of those contingencies, with both the equitable and legal right to the fund, inasmuch as then it could never go over to the trustee or his heirs; and as a continuance of the trust, and of the legal right and authority of the trustee thereafter was not necessary, they ceased, and were not intended by the parties, longer to exist.

It is true that the equitable interest of Martha Ann Lightfoot, as *cestui que trust*, in the fund was converted from a contingent to an absolute fee simple estate therein, upon the occurrence of the specified events named in the deed, yet it does not follow that the

equitable character of that interest was changed and made legal, or that the relation of trustee and *cestui que trust* created by the deed, would cease to exist, or the trust, as created, be thereby determined at any time before the death of the *cestui que trust;* for it is expressly provided by the deed that the fund should be held by the trustee and his successors, in trust for the benefit of Jane Lightfoot and her daughter, Martha Ann, *during their joint lives,* and upon the death of either that the whole fund, in such case, should be *held in trust* for the survivor, without fixing any limited period for the continuance of the trust character of the estate; although the degree or extent of the interest was made to depend upon the contingencies of marriage and adolescence; but if the trust was, after the marriage of the *cestui que trust,* and upon her attaining the age of twenty-one years discontinued or terminated by the terms of the deed, yet by the consent, at the instance of the first husband, the trust character of the estate was continued, and as many as two successors of the trustee named in the deed were appointed, and the trust fund deposited in their hands respectively, to be held in trust by them for the benefit of the wife; and the fund so remained and continued to be held as a trust fund for the wife until the death of Rice, the first husband, and therefore, as her right of survivorship had not been barred or defeated by any act of her first husband, amounting to an appropriation to himself, this fund having accrued to her, *dum sola,* survived to her upon the death of her first husband, whose personal representatives and heirs cannot therefore claim or recover it as a part of his estate. As authority to sustain the legal position, as stated, see *Twisden v. Wise,* 1 *Vern.* 161; *Baker v. Hall,* 12 *Ves.* 497; *Wall v. Tomlinson,* 16 *Ves.* 415; *Blunt v. Rutland,* 5 *Ves.* 515; *Wildman v. Wildman,* 9 *Ves.* 174; *Clancy on Rights,* 132, 3, 4, 5, *and* 6.

The fund thus surviving to the wife was hers at the time of her second marriage, and the second husband, who is the present complainant, having survived the

wife, who died intestate, as her administrator, has a right to the fund, and his claim cannot be successfully resisted, and having recovered it he is, by the 28th section of the act of 1797, regulating the distribution of intestate's estates, (1st *Statute Law*, 661,) exempt from all legal obligation to make distribution of this fund, it being personal estate of the wife, to which he becomes entitled as administrator and distributee. So held by this court in the opinion delivered in the case of *Cox v. Coleman*, reported in 13 *B. Monroe*, 452; and the cases referred to and cited in that opinion.

The decree must be affirmed.

ROBERTSON for plaintiff; MOREHEAD & BROWN for defendant.